UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELIZABETH RODRIGUEZ,

                                    Plaintiff,

                      -v-

UNITED STATES OF AMERICA,
and ROBERT SOLOMON, MD,

                                  Defendants.

21 Civ. 2075 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

      On October 6, 2021, plaintiff Elizabeth Rodriguez filed the amended complaint in this case, adding defendant Robert Solomon, M.D. ("Dr. Solomon"), in this case. Dkt. 29. On October 20, 2021, defendant United States of America answered the amended complaint. Dkt. 35. On November 22, 2021, Rodriguez served Dr. Solomon with process, making Dr. Solomon's deadline to answer or otherwise respond December 13, 2021. *See* Dkt. 40. By January 31, 2022, Dr. Solomon had not responded to the amended complaint or otherwise appeared in this action—but Rodriguez had not obtained a certificate of default from the Clerk of Court or filed a motion for default judgment against Dr. Solomon. Accordingly, on January 31, 2022, the Court issued an order to show cause instructing Rodriquez to submit a motion for default judgment or risk dismissal of the case under Rule 41. Dkt. 41.

      On February 2, 2022, Rodriguez requested and received clerk's certificates of default against Dr. Solomon. Dkts. 44–45. On February 22, 2022, Rodriquez filed a motion for default judgment against Dr. Solomon, along with a declaration in support and exhibits attached, which appeared in good order. Dkts. 48–49. On March 2, 2022, the Court filed an order instructing Dr. Solomon counsel's, in the event Dr. Solomon wished to oppose the motion, to enter a notice of

appearance and file an opposition on ECF, explaining why a default judgment is not warranted, by April 1, 2022 at 5 p.m. Dkt. 50. On March 29, 2022, Dr. Solomon's counsel appeared in the case and filed a letter seeking an extension of time to oppose Rodriguez's default motion, which the Court granted that day. Dkts. 55–56.

On April 13, 2022, Dr. Solomon filed an opposition to the default motion in the form of a declaration and affidavit. *See* Dkt. 58. Dr. Solomon argues that default judgment should not be entered against him because he is not the "Dr. Robert Solomon" who allegedly negligently treated Rodriguez. *Id.* Rodriguez has alleged that one "Robert Solomon, M.D.," an employee or affiliate of "Urban Health Plan, Inc.," located at 1065 Southern Boulevard, Bronx, New York, 10459, negligently treated her on December 12, 2018, in the course of reading and interpreting certain x-rays and recommending certain follow-up treatment. *See* Dkt. 29 (Amended Complaint) ¶¶ 24, 30–32. Rodriguez served "Robert Solomon, M.D." at the Urban Health Plan's Bronx address. *See* Dkt. 40. But Dr. Solomon avers that he has never been employed by or otherwise affiliated with Urban Health Plan and has never treated Rodriguez. Dkt. 58. Further, on December 12, 2018, Dr. Solomon submits, he was employed exclusively by a different medical facility—Jamaica Hospital Medical Center. *Id.*

Rodriguez has not responded to Dr. Solomon's opposition. The Court therefore denies Rodriguez's motion for default judgment. The denial is without prejudice to Rodriguez's ability to pursue a default judgment against the proper defendant, or against Dr. Solomon upon a showing by Rodriguez that the representations Dr. Solomon made above are untruthful.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: June 21, 2022
New York, New York